IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SYLVESTER JACKSON,

          Plaintiff,                             ORDER

    v.                                       11-cv-774-bbc

RANDALL HEPP, GARY H. HAMBLIN,
RICK RAEMISCH, TAMMY MAASSEN,
KENNETH ADLER, DEBRA TIDQUIST,
CARLA GRIGGS, GEORGIA KOSTOHRYZ,
GREG MEIER, CHERYL MARSOLEK,
BETTY PETTERSON, DIANE HUBER,
MR. FLIEGER, MS. BEAMAN, SGT. GARCIA,
SGT. CLARK, SGT. GEORGE, CAPT. JENSEN,
CAPT. FOSTER, P. SCHULZ, CO II MASKE,
JODI DOUGHERTY, S. DOUGHERTY
and CO II LEE,

          Defendants.

---

On November 23, 2011, the court entered an order directing plaintiff Sylvester Jackson to submit by December 16, 2011, an initial partial payment of the filing fee in the amount of $24.94. Plaintiff was told that if by December 16, 2011, he failed to make the initial partial payment or explain his failure to do so, he would be held to have withdrawn this action voluntarily and that in that event, the clerk of court would be directed to close this file without prejudice to plaintiff's filing his case at a later date. Now plaintiff has filed a letter in which he attaches two Interview/Information requests from institution officials advising plaintiff that in order to process his disbursement request, plaintiff needs to provide the business office with a complete copy of the court's November 23 order. In his letter, plaintiff states that he is reluctant to provide institution staff with the first page of the order, which contains the case caption because "of the history of retaliation and harassment." To date, the court has not received plaintiff's initial partial filing fee. Although in his letter plaintiff does not ask the court for

additional time to submit the initial partial filing fee to the court, I will construe his letter to include a request for an extension of time and extend the deadline for plaintiff to submit his partial filing fee until January 9, 2012.

It appears that plaintiff did not fully comply with institution procedures to have the his initial partial payment sent to the court. In the November 23 order, plaintiff was told that he should provide a copy of the order to prison officials so that they know that they should send plaintiff's initial partial payment to this court. If plaintiff has not already taken this step, he should do so immediately. If sufficient funds do not exist in plaintiff's regular account to pay his initial partial payment, he may use his release account to pay some or all of the assessed amount. *Carter v. Bennett*, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005). Plaintiff should show a copy of this order to prison officials to insure that they are aware they should send plaintiff's initial partial payment to this court. If plaintiff fails to submit the initial partial payment to this court, I will assume that he does not wish to proceed with this action and this case will be closed.

ORDER

IT IS ORDERED that plaintiff Sylvester Jackson is GRANTED an extension of time to pay the initial partial filing fee. Plaintiff may have until January 9, 2012, to submit a check or money order made payable to the clerk of court in the amount of $24.94. If, by January 9, 2012, plaintiff fails to make the initial partial payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily. In that event, the clerk of court is

directed to close this file without prejudice to plaintiff's filing his case at a later date.

Entered this 16th day of December, 2011.

> BY THE COURT:
>
> /s/
>
> PETER OPPENEER
> Magistrate Judge