IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SYLVESTER JACKSON,

                                           OPINION AND ORDER

                Plaintiff,

                                           11-cv-774-bbc

      v.

RANDALL HEPP, GARY H. HAMBLIN,
RICK RAEMISCH, TAMMY MAASSEN,
KENNETH ADLER, DEBRA TIDQUIST,
CARLA GRIGGS, GEORGIA KOSTOHRYZ,
GREG MEIER, CHERYL MARSOLEK,
BETTY PETTERSON, DIANE HUBER,
MR. FLIEGER, MS. BEAMAN, SGT. GARCIA,
SGT. CLARK, SGT. GEORGE, CAPT. JENSEN,
CAPT. FOSTER, P. SCHULZ, CO II MASKE,
JODI DOUGHERTY, S. DOUGHERTY
and CO II LEE,

                                           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Sylvester Jackson has filed a proposed complaint under 42 U.S.C. § 1983 in which he raises various claims about his conditions of confinement at the Jackson Correctional Institution in Black Rivers Falls, Wisconsin. Plaintiff has made an initial partial payment as required by 28 U.S.C. § 1915(b)(4). Because plaintiff is a prisoner, I must screen his complaint to determine whether it states a claim upon which relief may be

1

granted. 28 U.S.C. §§ 1915(e)(2) and 1915A.

Having reviewed plaintiff's complaint, I conclude that he cannot proceed on any claims at this time because his complaint violates Fed. R. Civ. P. 20. Rule 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); 3A Moore's Federal Practice § 20.06, at 2036-2045 (2d ed.1978).

Although Fed. R. Civ. P. 18 allows a party to join unrelated claims against defendants in a suit, this rule applies only after the requirements for joinder of parties have been satisfied under Rule 20, Intercon Research Assn., Ltd. v. Dresser Ind., Inc., 696 F.2d 53, 57 (7th Cir. 1983), which means that the core set of allowable defendants must be determined under Rule 20 before a plaintiff may join additional unrelated claims against one or more of those defendants under Rule 18. This means also that under Rule 18, a party cannot join claims involving any defendant outside the group identified under Rule 20.

Applying Rules 18 and 20 to the factual allegations in the complaint, I conclude that plaintiff is raising claims that belong in eight different lawsuits:

2

Lawsuit #1:

(a)     defendant Sgt. Garcia gave plaintiff a conduct report because plaintiff "reported [Garcia's] unprofessional conduct";

(b)     defendants P. Schulz and Capt. Jensen "failed to protect the plaintiff from Sgt. Garcia's retaliation and harassment";

(c)     Capt. Foster "conspired with Sgt. Garcia to uphold the false conduct report."

Lawsuit #2:

(a)     defendants Flieger and Beaman "conspire[d] to deny . . . plaintiff from cop[y]ing his 42 U.S.C. § 1983 civil complaint" in case no. 11-cv-136-slc; they later "conspired" to remove legal materials related to that case from plaintiff's cell;

(b)     defendants Flieger, Beaman and Jensen retaliated against plaintiff for filing 11-cv-136-slc by "writing a fabricated conduct report";

(c)     defendant Foster conspired with defendants Flieger, Beaman and Jensen by upholding the false conduct report; Foster refused to allow plaintiff to call an important witness and to present written witness statements.

(In addition to defendants Flieger, Beaman and Jensen, plaintiff mentions an "officer Dalbec" in the context of these claims. Because plaintiff did not name Dalbec as a defendant, I am not including him or her.)

Lawsuit #3:

(a)     defendant CO II Lee issued a false conduct report to plaintiff for "inquir[ing] about his medication during med pass";

3

(b)  defendants Foster, S. Dougherty and Hepp withheld legal work plaintiff requested to prepare for the hearing;

(c)  defendant Foster allowed plaintiff only one hour on the "law computer," even though other prisoners were allowed two hours;

(d)  at the disciplinary hearing, defendant Foster denied plaintiff's request to call an important witness, failed to disclose exculpatory evidence, refused to allow plaintiff to present exculpatory evidence and denied "plaintiff his rights to advocate assistance;" Foster upheld the conduct report.

Lawsuit #4:

(a)  defendant Sgt. George "provoked a confrontation with plaintiff and deliberately filed a false conduct report";

(b)  defendants Foster, S. Dougherty and Randall Hepp confiscated all of plaintiff's legal materials related to his disciplinary hearing;

(c)  at the disciplinary hearing, Foster withheld exculpatory documents, denied a request for a witness, excluded witness statements and denied plaintiff assistance from the advocate; Foster upheld the conduct report.

Lawsuit #5:

(a)  on multiple occasions defendant Beaman intentionally delayed mailing plaintiff's appeals of his grievances;

(b)  plaintiff complained to defendants Hepp and Gary Hamblin about Beaman's conduct, but they refused to intervene.

Lawsuit #6:

(a)  after plaintiff had surgery on his toes, defendants Dr. Adler and Georgia Kostohryz refused to follow the surgeon's instructions for treatment;

4

  (b) when plaintiff complained to defendants Betty Peterson, Greg Meier and Sgt. Clark, they refused to do anything;

  (c) defendants Carla Griggs, Adler, Kostohryz and Cheryl Marsolek eventually saw plaintiff, but they refused to provide any treatment for his feet;

  (d) defendant Jodi Dougherty rejected grievances plaintiff filed about this issue;

  (e) defendants Tammy Maassen and Hepp refused to intervene when plaintiff complained to them;

  (f) defendants Maassen, Hepp and Adler refused plaintiff's requests for treatment for his severe back pain; defendant Hamblin refused to intervene when plaintiff complained to him;

  (g) defendant Debra Tindquist ignored plaintiff's complaints of back pain and she refused to provide treatment after he had surgery, causing an infection in his feet.

Lawsuit #7: defendant Hepp allowed his staff to open plaintiff's legal mail outside plaintiff's presence.

Lawsuit #8:

  (a) defendant Diane Huber "illegally intercept[ed] plaintiff's [medical] records" and charged him a fee to retrieve them for him;

  (b) defendant Maske opened plaintiff's confidential medical records that Huber sent plaintiff.

Under George, I may apply the initial partial payment plaintiff has made to only one of the lawsuits I have identified above. Plaintiff will have to choose which lawsuit that is. That lawsuit will be the only lawsuit assigned to this case number.

As for the other lawsuits, plaintiff has a more difficult choice. He may choose to

5

pursue those lawsuits separately. In that case, he will be required to pay separate filing fees for each lawsuit. In addition, plaintiff may be subjected to a separate strike under 28 U.S.C. § 1915(g) for each of the separate lawsuits that he pursues if the lawsuit is dismissed for failure to state a claim upon which relief may be granted. As plaintiff may be aware, once a prisoner receives three strikes, he is not able to proceed in new lawsuits without first paying the full filing fee except in very narrow circumstances. 28 U.S.C. § 1915(g).

Alternatively, plaintiff may choose to dismiss one or more of the other lawsuits voluntarily. If he chooses this latter route, he will not owe additional filing fees or face a strike for any lawsuit he dismisses. Any lawsuit dismissed voluntarily would be dismissed without prejudice, so plaintiff would be able to bring it at another time, so long as he files it within the statute of limitations.

Plaintiff should be aware that because it is not clear at this time which of his separate lawsuits he will pursue, I have not assessed the merits of the claims raised in any of the lawsuits identified above or determined whether they comply with Fed. R. Civ. P. 8. Once plaintiff identifies the suit or suits he wants to continue to litigate, I will screen the complaint as required under 28 U.S.C. § 1915(e)(2). Because plaintiff faces filing fees and potential strikes for each lawsuit he pursues, he should consider carefully the merits and relative importance of each of his potential lawsuits when choosing which of them he wishes to pursue.

If plaintiff disagrees with the way the court has grouped his claims or if he believes the court has left out claims he intended to assert or included claims he did not intend to assert, he may raise those objections in his response, but he must still comply with this order and choose which of the eight lawsuits he wishes to pursue. If he fails to do so, I will dismiss all of his claims for his failure to prosecute the case.

ORDER

IT IS ORDERED that

1. Plaintiff Sylvester Jackson may have until March 14, 2012, to identify for the court whether he wishes to proceed with Lawsuit #1, Lawsuit #2, Lawsuit #3, Lawsuit #4, Lawsuit #5, Lawsuit #6, Lawsuit #7 OR Lawsuit #8 under the number assigned to this case. Plaintiff must pick one and only one of these lawsuits to proceed under case no. 11-cv-774-bbc.

2. Plaintiff may have until March 14, 2012, to advise the court of which other lawsuits he wishes to pursue under separate case numbers, if any, and which lawsuits he will withdraw voluntarily, if any.

3. For any lawsuit that plaintiff dismisses voluntarily, he will not owe a filing fee.

4. For each lawsuit plaintiff chooses to pursue, he will owe a separate $350 filing fee and will be assessed an initial partial payment.

5. If plaintiff fails to respond to this order by March 14, 2012, I will enter an order dismissing the lawsuit as it presently exists without prejudice for petitioner's failure to prosecute.

Entered this 29th day of February, 2012.

>BY THE COURT:
>/s/
>BARBARA B. CRABB
>District Judge