IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SYLVESTER JACKSON,

                                                                                ORDER

                Plaintiff,

                                                                                11-cv-774-bbc

      v.

RANDALL HEPP, GARY H. HAMBLIN,
RICK RAEMISCH, TAMMY MAASSEN,
KENNETH ADLER, DEBRA TIDQUIST,
CARLA GRIGGS, GEORGIA KOSTOHRYZ,
GREG MEIER, CHERYL MARSOLEK,
BETTY PETTERSON, DIANE HUBER,
MR. FLIEGER, MS. BEAMAN, SGT. GARCIA,
SGT. CLARK, SGT. GEORGE, CAPT. JENSEN,
CAPT. FOSTER, P. SCHULZ, CO II MASKE,
JODI DOUGHERTY, S. DOUGHERTY
and CO II LEE,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Sylvester Jackson has responded to this court's February 29, 2012 order in which I concluded that his proposed complaint violated Fed. R. Civ. P. 20 because it included claims that belonged in eight separate lawsuits:

Lawsuit #1:

      (a)    defendant Sgt. Garcia gave plaintiff a conduct report because plaintiff

1

    "reported [Garcia's] unprofessional conduct";

(b)   defendants P. Schulz and Capt. Jensen "failed to protect the plaintiff from Sgt. Garcia's retaliation and harassment";

(c)   Capt. Foster "conspired with Sgt. Garcia to uphold the false conduct report."

<u>Lawsuit #2</u>:

(a)   defendants Mr. Flieger and Ms. Beaman "conspire[d] to deny . . . plaintiff from cop[y]ing his 42 U.S.C. § 1983 civil complaint" in case no. 11-cv-136-slc; they later "conspired" to remove legal materials related to that case from plaintiff's cell;

(b)   defendants Flieger, Beaman and Jensen retaliated against plaintiff for filing 11-cv-136-slc by "writing a fabricated conduct report";

(c)   defendant Foster conspired with defendants Flieger, Beaman and Jensen by upholding the false conduct report; Foster refused to allow plaintiff to call an important witness and to present written witness statements.

<u>Lawsuit #3</u>:

(a)   defendant CO II Lee issued a false conduct report to plaintiff for "inquir[ing] about his medication during med pass";

(b)   defendants Foster, S. Dougherty and Hepp withheld legal work plaintiff requested to prepare for the hearing;

(c)   defendant Foster allowed plaintiff only one hour on the "law computer," even though other prisoners were allowed two hours;

(d)   at the disciplinary hearing, defendant Foster denied plaintiff's request to call an important witness, failed to disclose exculpatory evidence, refused to allow plaintiff to present exculpatory evidence and denied "plaintiff his rights to advocate assistance;" Foster upheld the conduct report.

Lawsuit #4:

(a) defendant Sgt. George "provoked a confrontation with plaintiff and deliberately filed a false conduct report";

(b) defendants Foster, S. Dougherty and Randall Hepp confiscated all of plaintiff's legal materials related to his disciplinary hearing;

(c) at the disciplinary hearing, Foster withheld exculpatory documents, denied a request for a witness, excluded witness statements and denied plaintiff assistance from the advocate; Foster upheld the conduct report.

Lawsuit #5:

(a) on multiple occasions defendant Beaman intentionally delayed mailing plaintiff's appeals of his grievances;

(b) plaintiff complained to defendants Hepp and Gary Hamblin about Beaman's conduct, but they refused to intervene.

Lawsuit #6:

(a) after plaintiff had surgery on his toes, defendants Dr. Adler and Georgia Kostohryz refused to follow the surgeon's instructions for treatment;

(b) when plaintiff complained to defendants Betty Peterson, Greg Meier and Sgt. Clark, they refused to do anything;

(c) defendants Carla Griggs, Adler, Kostohryz and Cheryl Marsolek eventually saw plaintiff, but they refused to provide any treatment for his feet;

(d) defendant Jodi Dougherty rejected grievances plaintiff filed about this issue;

(e) defendants Tammy Maassen and Hepp refused to intervene when plaintiff complained to them;

  (f)  defendants Maassen, Hepp and Adler refused plaintiff's requests for treatment for his severe back pain; defendant Hamblin refused to intervene when plaintiff complained to him;

  (g)  defendant Debra Tindquist ignored plaintiff's complaints of back pain and she refused to provide treatment after he had surgery, causing an infection in his feet.

Lawsuit #7: defendant Hepp allowed his staff to open plaintiff's legal mail outside plaintiff's presence.

Lawsuit #8:

  (a)  defendant Diane Huber "illegally intercept[ed] plaintiff's [medical] records" and charged him a fee to retrieve them for him;

  (b)  defendant Maske opened plaintiff's confidential medical records that Huber sent plaintiff.

  I instructed plaintiff to choose one of these lawsuits to proceed as case no. 11-cv-774-bbc. If he wished to pursue any of the other lawsuits, he would have to pay a separate filing fee. Any lawsuit he chose not to pursue at this time would be dismissed without prejudice to plaintiff's refiling them at a later date.

  In his response, plaintiff says that he should be allowed to proceed on all of these claims in the context of one lawsuit because all of them are part of a conspiracy between defendant Randall Hepp (the warden of the prison) and his employees. Curiously, plaintiff did not allege in his complaint that Hepp was the mastermind behind all of his claims. In fact, plaintiff included Hepp as a defendant in only six of the 25 claims, usually on the

4

ground that he had failed to respond appropriately when plaintiff complained to him. In any event, even if I allowed plaintiff to amend his complaint to include the conspiracy allegation, it would not be enough to permit joinder under Rule 20.

When a plaintiff alleges "a vast, encompassing conspiracy" as plaintiff has, he "must meet a high standard of plausibility. . . . [M]ere suspicion that persons adverse to the plaintiff had joined a conspiracy against him or her [is] not enough." Cooney v. Rossiter, 583 F.3d 967, 970-71 (7th Cir. 2009). Although plaintiff uses the words "conspiracy" and "conspired" in his 10-page response many times, he does not provide any specific facts supporting a view that a conspiracy existed. Rather, most of his response is devoted to repeating the allegations in his complaint. The only facts he alleges to support the existence of a conspiracy are that he did not have "any infractions on his disciplinary record" until he started "making complaints against Randall Hepp and members of his staff" and that most of the defendants are "under Randall Hepp['s] authority." Dkt. #8, at 2.

One problem with this argument is that only some of plaintiff's claims relate to disciplinary issues. He includes other claims regarding medical care and interference with mail and medical records. In any event, plaintiff identifies only one complaint that he filed against Hepp. He alleged specifically in his complaint in this case that three of the four conduct reports in dispute were issued in retaliation for speech he made about *other* prison officials. He provides no basis for believing that Hepp was involved in issuing those other

5

conduct reports.

Plaintiff says that, in the event the court rejects his attempt to join all of his claims, he wishes to pursue Lawsuit #6 as case no. 11-cv-774-bbc and Lawsuit #2 in a separate case. In addition, he says he will dismiss the remaining lawsuits without prejudice to refiling them at a later date. Because plaintiff has made an initial partial payment for case no. 11-cv-774-bbc as required by 28 U.S.C. § 1915(b)(1), the claims that make up Lawsuit #6 are ready for screening, which I will do in a separate order. I will direct the clerk of court to assign a new case number to Lawsuit #2, which I will screen after plaintiff submits an initial partial payment for that case. In assessing the amount of the initial partial payment, I will use the same trust fund account statement that plaintiff submitted for case no. 11-cv-774-bbc.

ORDER

IT IS ORDERED that

1. This case is SEVERED in accordance with Fed. R. Civ. P. 20.

2. The following claims will proceed in case no. 11-cv-774-bbc:

(a) after plaintiff had surgery on his toes, defendants Kenneth Adler and Georgia Kostohryz refused to follow the surgeon's instructions for treatment;

(b) when plaintiff complained to defendants Betty Peterson, Greg Meier and Sgt. Clark, they refused to do anything;

(c) defendants Carla Griggs, Adler, Kostohryz and Cheryl Marsolek eventually

6

saw plaintiff, but they refused to provide any treatment for his feet;

(d)     defendant Jodi Dougherty rejected grievances plaintiff filed about this issue;

(e)     defendants Tammy Maassen and Hepp refused to intervene when plaintiff complained to them;

(f)     defendants Maassen, Hepp and Adler refused plaintiff's requests for treatment for his severe back pain; defendant Gary Hamblin refused to intervene when plaintiff complained to him;

(g)     defendant Debra Tindquist ignored plaintiff's complaints of back pain and she refused to provide treatment after he had surgery, causing an infection in his feet.

3.  The following claims will proceed as case no.12-cv-220-bbc:

(a)     defendants Mr. Flieger and Ms. Beaman "conspire[d] to deny . . . plaintiff from cop[y]ing his 42 U.S.C. § 1983 civil complaint" in case no. 11-cv-136-slc; they later "conspired" to remove legal materials related to that case from plaintiff's cell;

(b)     defendants Flieger, Beaman and Capt. Jensen retaliated against plaintiff for filing 11-cv-136-slc by "writing a fabricated conduct report";

(c)     defendant Capt. Foster conspired with defendants Flieger, Beaman and Jensen by upholding the false conduct report; Foster refused to allow plaintiff to call an important witness and to present written witness statements.

4.  The remaining claims are DISMISSED WITHOUT PREJUDICE to plaintiff's refiling them at a later date.

5.  The following defendants are DISMISSED from this case:  Rick Raemisch, Diane Huber, Sgt. Garcia, Sgt. George, P. Schulz, CO II Maske, S. Dougherty, CO II Lee, Flieger,

7

Beaman, Jensen and Foster.

6. I will screen case no. 11-cv-774-bbc in a separate order.

7. Plaintiff is directed to make an initial partial payment in the amount of $24.94 for case no. 12-cv-220-bbc. I will screen that case in a separate order after plaintiff submits that payment.

Entered this 30th day of March, 2012.

                              BY THE COURT:

                              /s/

                              BARBARA B. CRABB
                              District Judge