IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SYLVESTER JACKSON,

                               Plaintiff,

     v.

RANDALL HEPP, GARY H. HAMBLIN,
TAMMY MAASSEN, KENNETH ADLER,
DEBRA TIDQUIST, CARLA GRIGGS,
GEORGIA KOSTOHRYZ, GREG MEIER,
CHERYL MARSOLEK, BETTY PETTERSON,
JODI DOUGHERTY and KEVIN CLARK,

                               Defendants.

ORDER

11-cv-774-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     In this case brought under 42 U.S.C. § 1983, pro se prisoner Sylvester Jackson contends that various prison officials violated his Eighth Amendment right to adequate medical care by failing to treat his toes after surgery and failing to treat his back pain. In an order dated June 17, 2013, I granted defendants' motion for summary judgment and directed the clerk of court to close the case. Dkt. #102. In an order dated May 7, 2014, the Court of Appeals for the Seventh Circuit vacated the judgment and directed this court to recruit counsel for plaintiff. Dkt. #124. The court of appeals did not resolve the question whether summary judgment was appropriate, which means that either a second round of summary judgment motions will be needed or the parties will have to agree to forgo summary judgment motions and proceed to trial.

1

Tim Edwards has agreed to represent plaintiff, with the understanding that he will serve with no guarantee of compensation for his services. It is this court's intention that the scope of representation extends to proceedings in this court only. "Proceedings in this court" include all matters leading up to a final judgment on the merits, the filing of a Notice of Appeal, if appropriate, and ensuring that all steps are taken to transfer the record to the Court of Appeals for the Seventh Circuit.

Additionally, the court intends the scope of representation to be limited to litigating plaintiff's current claims. It will be unnecessary for counsel to file an amended complaint.

Plaintiff should understand that because he is now represented in this case, he may not communicate directly with the court from this point forward. He must work directly with counsel and permit him to exercise his professional judgment to determine which matters are appropriate to bring to the court's attention and in what form. Plaintiff does not have the right to require counsel to raise frivolous arguments or to follow every directive he makes. He should be prepared to accept the strategic decisions made by counsel even if he disagrees with some of them. If plaintiff decides at some point not to work with counsel, he is free to end the representation, but he should be aware that it is unlikely that the court will work to recruit a second set of lawyers to represent him.

ORDER

IT IS ORDERED that the clerk of court is directed to set a telephone before Magistrate Judge Stephen Crocker to set the schedule for the remainder of the proceedings

in this lawsuit.

Entered this 11th day of June, 2014.

                                            BY THE COURT:
                                            /s/
                                            BARBARA B. CRABB
                                            District Judge